*Dexter K. Case, Esquire*
*Case DiGiamberardino & Lutz, P.C.*
*845 North Park Road, Suite 101*
*Wyomissing PA 19610-1342*
*610-372-9900 ext 222*
*610-372-5469 fax*
*dkc@cdllawoffice.com*
*Attorney ID #52815*
*Attorney for Debtor*

---

United States Bankruptcy Court
Eastern District of Pennsylvania

| | | | |
|---|---|---|---|
| In re: | Lehighton Land Company : | Case No. | 14-11832-ref |
| | Debtor : | Chapter | 11 |
| | : | | |
| | Lehighton Land Company : | Adversary Case No. 14- | |
| | Plaintiff : | | |
| | : | | |
| | vs. : | | |
| | : | | |
| | CAD Holdings LLC : | | |
| | DLP Realty : | | |
| | Donald R. Wenner : | | |
| | Defendants | | |

**COMPLAINT FOR SPECIFIC PERFORMANCE OF REAL ESTATE CONTRACT AND DAMAGES FOR WILLFUL VIOLATION OF AUTOMATIC STAY**

    1.  This action is brought under those provisions of the United States Bankruptcy Code including 11 U.S.C. § 362 prohibiting any person or entity from attempting to obtain possession of property of the estate or to exercise control over property of the estate, 11 U.S.C. § 365 permitting a Debtor-in-Possession to assume an executory contract of the Debtor.11 U.S.C. § 1141 binding any entity acquiring property under the plan to the terms of the confirmed plan, and 11 U.S.C. § 1142 permitting the Court to direct any necessary party to perform any act necessary for consummation of the plan.

    2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

    3.  Plaintiff is Lehighton Land Company, the Debtor in this chapter 11 bankruptcy case.

    4.  Defendant CAD Holdings LLC ("CAD") is a Pennsylvania limited liability company with a business address of 701 W. Broad Street, Suite 200, Bethlehem, PA 18018.

    5.   Defendant DLP Realty is a real estate brokerage firm owned and/or controlled by Donald R. Wenner with a business address of 701 W. Broad Street, Suite 200, Bethlehem, PA 18018.

6. Defendant Donald R. Wenner ("Wenner") is an adult individual with a business address of 701 W. Broad Street, Suite 200, Bethlehem, PA 18018.

7. Wenner is a realtor licensed by the Commonwealth of Pennsylvania, is President of DLP Realty, and the Managing Member of CAD Holdings LLC.

8. During February 2014, Plaintiff, Lehighton Land Company and Defendant CAD Holdings, LLC by and through Defendants DLP Realty and Donald R. Wenner negotiated and entered into an Agreement of Sale ("AOS") effective as of February 3, 2014 wherein CAD Holdings LLC ("Buyer") agreed to purchase from Lehighton Land Company ("Seller") certain property known as and located at 1500 Rock Road, Lehighton, PA ("Real Estate") for the sum of One Million One Hundred Thousand Dollars ($1,100,000.00) ("Purchase Price").  A copy of said AOS is attached hereto marked Exhibit A.

9. On March 13, 2014, Debtor filed its bankruptcy petition and relief was granted under chapter 11 of the Bankruptcy Code, for the sole purpose of stopping a sheriff's foreclosure sale of the Real Estate scheduled by the Mortgagee, Mauch Chunk Trust Company, and thereby permitting the proposed sale to CAD Holdings LLC to proceed as planned.

10. The AOS between the Debtor and CAD was properly disclosed on Schedule G of the Debtor's bankruptcy schedules and CAD has received full and proper notice of all filings made by Debtor in its bankruptcy case.

11. Debtor filed its chapter 11 plan proposing liquidation of its sole asset through the sale of the Real Estate pursuant to the AOS.

12. On August 19, 2014 the Bankruptcy Court entered its order confirming the Debtor's plan and approving the sale of the Real Estate to CAD.

13. On August 19, 2014, Debtor's counsel sent a letter to CAD's counsel, Robert H. Jacobs, Esquire with a copy of the Bankruptcy Court order confirming the plan and informing him that the Seller was ready to proceed with the sale pursuant to the AOS.

14. On August 29, 2014 Debtor's counsel telephoned Mr. Jacobs to confirm receipt of the August 19, 2014 letter, to confirm that Mr. Jacobs was in possession of the $30,000 security deposit as stated in the AOS and to inquire as to the status of the closing of the sale generally.

15. On September 2, 2014, Debtor's counsel received an email from Wenner indicating that he had previously and unilaterally terminated the AOS when he had "found out about the bankruptcy status".

16. Plaintiff believes and therefore avers that Wenner contacted Mauch Chunk Trust prior to the sheriff's sale, knew that the sheriff's sale had been stayed by the bankruptcy, but nevertheless believed that he could breech the contract with Debtor and negotiate a more favorable purchase price directly with Mauch Chunk Trust.

17. Plaintiff believes and therefore avers that Wenner knowingly, fraudulently and with the intent to obtain possession or exercise control over property of the estate, attempted to circumvent Debtor and his obligations under the AOS and obtain control over the Real Estate by dealing directly with Mauch Chunk Trust.

18. Plaintiff believes and therefore avers that all of the Defendants acted jointly, severally and in concert under the direction and control of Wenner in violation of their individual and collective fiduciary duties and duties of good faith and fair dealing to attempt to fraudulently deprive Plaintiff of the benefit of its bargain under the AOS.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter its judgment in favor of Plaintiff and against Defendants CAD Holdings LLC, DLP Realty and Donald R. Wenner, jointly and severally:

I.    Specifically enforcing the AOS, ordering Defendants to immediately pay over and release to Debtor the $30,000 deposit held by Robert Jacobs, Esquire pursuant to the AOS, requiring CAD to pay the $1,070,000.00 balance of the Purchase Price, and to close the sale of the Real Estate within a reasonable period of time in conformance with Debtor's confirmed chapter 11 plan; and

II.    Finding that the Defendants willfully violated 11 U.S.C. § 362(a)(3) by intentionally and fraudulently interfering with and attempting to control property of the bankruptcy estate and awarding such actual and punitive damages therefor including, but not limited to, damages for breach of the AOS, denial of any commission payable to DLP Realty pursuant to the AOS, Plaintiff's attorneys fees and cost of this suit, as Plaintiff shall prove at the time of trial hereon.

Case, DiGiamberardino & Lutz, P.C.

September 18, 2014          By:    *s/Dexter K. Case*